UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WITHERELL,

            Plaintiff,           Civil Action No. 23-10153

v.                                     Sean F. Cox
                                     United States District Judge

BRIAN STRICKLIN, *et al.*,       David R. Grand
                                     United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS
DEFENDANTS CORIZON AND WELLPATH (ECF No. 20)**

**I.    REPORT**

    **A.    Background**

Plaintiff Daniel Witherell ("Witherell") is a State of Michigan prisoner who, at the time he filed this action, was confined at the Parnall Correctional Facility in Jackson, Michigan. (ECF No. 1). On January 20, 2023, Witherell, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Brian Stricklin, Kim Ferris, Ricky Coleman, William Borgerding, Corizon, and Wellpath. (*Id.*). On January 27, 2023, this case was referred to the undersigned for all pretrial purposes. (ECF No. 6).

On May 3, 2023, this Court issued an Order directing Witherell to provide better addresses for service for Defendants Ferris, Coleman, and Wellpath. (ECF No. 18). On May 16, 2023, Witherell filed a response updating the addresses for Defendants Farris and

1

Coleman and requesting that the Court "please drop Corizon. . . [and]. . .Wel[l]path. . . off [his] suit." (ECF No. 20, PageID.146). Elsewhere in his response to the Court's order, Witherell underlined the words "Corizon" and "Wellpath" and, above these words, wrote "drop from suit." (*Id.*, PageID.147). The Court interprets these statements as a request that Witherell be permitted to voluntarily dismiss his claims against these entities.

### B. Analysis

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by stipulation of the parties. Here, the first condition is satisfied because neither Corizon nor Wellpath has filed an answer or motion for summary judgment. *See Cross v. Hartsfield*, No. 22-11705, 2022 WL 17834074, at *1 (E.D. Mich. Oct. 12, 2022) ("Because there is no answer or summary judgment motion filed, Plaintiff did not need leave of the Court to voluntarily dismiss her case."). In fact, Wellpath has not yet been served with process, and Corizon has not filed any response to Witherell's complaint. As such, the Court construes Witherell's filing (ECF No. 20) as a notice of voluntary dismissal, and his claims against Defendants Corizon and Wellpath should be dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Witherell's Request to Voluntarily Dismiss His Claims Against Corizon and Wellpath **(ECF No. 20)** be

**GRANTED** and that Witherell's Complaint be **DISMISSED WITHOUT PREJUDICE** as to defendants Corizon and Wellpath.

| | |
|---|---|
| Dated: June 15, 2023<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

4

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2023.

                                    s/Eddrey O. Butts
                                    EDDREY O. BUTTS
                                    Case Manager