UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WITHERELL,

|                                         |                                         |
|-----------------------------------------|-----------------------------------------|
| Plaintiff,                              | Civil Action No. 23-10153               |
| v.                                      | Brandy R. McMillion<br>United States District Judge |
| BRIAN STRICKLIN, *et al.*,              | David R. Grand<br>United States Magistrate Judge |
| Defendants.                             |                                         |

_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT (ECF No. 1) AS TO DEFENDANTS FARRIS AND COLEMAN
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND
TO DENY AS MOOT DEFENDANTS' MOTION TO DISMISS AND
ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT (ECF No. 46)**

**I.     REPORT**

**A.     Procedural History**

On January 20, 2023, *pro se* plaintiff Daniel Witherell ("Witherell"), an incarcerated

person, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants

Brian Stricklin, William Borgerding, Kim Farris, and Rickey Coleman.[1]  (ECF No. 1).

Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned.

(ECF Nos. 6, 37).

On July 19, 2024, Defendants Farris and Coleman (collectively the "Moving

---

[1] Also named as defendants in Witherell's complaint were Corizon and Wellpath.  (ECF No. 1).
However, on June 15, 2023, this Court issued a Report and Recommendation to Grant Plaintiff's
Request to Voluntarily Dismiss Defendants Corizon and Wellpath (ECF No. 24), which was
adopted by the Honorable Sean F. Cox on July 6, 2023 (ECF No. 26).

Defendants") filed a Motion to Dismiss and Alternatively Motion for Summary Judgment. (ECF No. 46).  On July 22, 2024, the Court issued an Order Requiring Response, making clear that, pursuant to E.D. Mich. LR 7.1, Witherell's response to the Moving Defendants' dispositive motion was due on or before August 15, 2024.  (ECF No. 47).

Witherell did not timely file a response to the Moving Defendants' motion.  Instead, on August 30, 2024, the Court received from Witherell a handwritten letter,[2] in which he acknowledged receiving the Court's Order Requiring Response but expressed confusion about the filing he was required to respond to.  (ECF No. 48).  Specifically, Witherell listed only Defendant Stricklin in the caption of his letter; indicated he had not received a motion to dismiss filed by Stricklin (indeed, no such motion had or has been filed); expressed confusion about why he needed to respond to a (non-existent) motion; and asked that the Court "give a date for [him] to respond to [the Moving Defendants'] motion to dismiss." (*Id.*, PageID.340).  To be clear, in its Order Requiring Response, the Court specifically indicated that Witherell was ordered to respond to the "Motion to Dismiss (ECF No. 46)" – which was the motion filed by the Moving Defendants, Farris and Coleman – on or before August 15, 2024.  (ECF No. 47, PageID.338).

On September 6, 2024, when Witherell still had not responded to the Moving Defendants' motion to dismiss, the Court issued an Order to Show Cause, ordering Witherell to show cause, in writing, on or before September 23, 2024, why this Court should not recommend that the Moving Defendants' motion to dismiss be granted.  (ECF

---

[2] Although this letter is dated August 1, 2024, its postmark date is indecipherable, and it was not received by the Court until August 30, 2024.

No. 49).  In that Order, Witherell was specifically warned that his "**[f]ailure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to the motion filed by the Moving Defendants – Farris and Coleman (ECF No. 46) – may result in a recommendation that the Moving Defendants' motion be granted and/or that Witherell's claims be dismissed under Fed. R. Civ. P. 41(b).**"  (*Id.*, PageID.347-48) (emphasis in original).  To date, Witherell has failed to respond to the Moving Defendants' dispositive motion or to this Court's Order to Show Cause.

> **B.      Analysis**

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or

dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All four of the factors favor dismissal here.

The Court expressly warned Witherell that his case could be dismissed with prejudice if he failed to respond to the Moving Defendants' motion to dismiss or to the Court's Order to Show Cause. (ECF No. 49, PageID.347-48). Nevertheless, Witherell has failed to do either, meaning that the first[3] and third factors weigh in favor of dismissal. As

---

[3] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault ...." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and

to the second factor, the Moving Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Witherell's apparent abandonment of his claims against them. This is particularly true where the Moving Defendants have filed a dispositive motion, to which Witherell has failed to respond. And, finally, given Witherell's repeated failures to comply with this Court's rules and orders, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "'district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant.'" *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Witherell has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

---

resources expended to defend this case." *Id.*

## II.     RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Witherell's complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE AS AGAINST DEFENDANTS FARRIS AND COLEMAN,** and that the Moving Defendants' Motion to Dismiss and Alternatively Motion for Summary Judgment **(ECF No. 46)** be **DENIED AS MOOT**.

Dated: November 12, 2024                                   s/David R. Grand
Ann Arbor, Michigan                                        DAVID R. GRAND
                                                           United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should

be concise, and should address specifically, and in the same order raised, each issue

presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
