UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WITHERELL,

          Plaintiff,                    Civil Action No. 23-10153

v.                                           Brandy R. McMillion
                                               United States District Judge

BRIAN STRICKLIN, *et al.*,            David R. Grand
                                               United States Magistrate Judge

          Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT STRICKLIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) AND TO DENY AS MOOT DEFENDANT STRICKLIN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 63)**

**I.    REPORT**

    **A.    Procedural History**

On January 20, 2023, *pro se* plaintiff Daniel Witherell ("Witherell"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Brian Stricklin ("Stricklin"), William Borgerding, Kim Farris, Rickey Coleman, Corizon, and Wellpath. (ECF No. 1). However, the sole remaining defendant in this action is Stricklin. (ECF Nos. 24, 26, 53, 58, 61). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF Nos. 6, 37).

On February 3, 2025, Stricklin filed a Motion for Summary Judgment. (ECF No. 63). On February 11, 2025, the Court issued an Order Requiring Response, making clear that, pursuant to E.D. Mich. LR 7.1, Witherell's response to Stricklin's motion was due on or before March 7, 2025. (ECF No. 64). When Witherell failed to file a response by April

3, 2025, this Court issued an Order to Show Cause, requiring a response by April 18, 2025. (ECF No. 66). In that Order, Witherell was specifically warned that, "**Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Stricklin's motion, may result in a recommendation that Stricklin's motion be granted and/or that Witherell's claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.*, PageID.534 (emphasis in original)). To date, however, Witherell has neither filed a response in opposition to Stricklin's motion, nor responded to the Court's Order to Show Cause.

### B.  Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or

2

dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All four of the factors favor dismissal here.

The Court has twice expressly warned Witherell that his claims against Stricklin could be dismissed if he failed to respond to Stricklin's dispositive motion or to the Court's Order to Show Cause. (ECF No. 64, PageID.530; ECF No. 66, PageID.534). Nevertheless, Witherell has failed to do either, meaning that the first[1] and third factors weigh in favor of

---

[1] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault ...." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and

3

dismissal. As to the second factor, Stricklin is prejudiced by having this action remain pending against him without it being advanced to a timely conclusion due to Witherell's apparent abandonment of his claims against him. This is particularly true where Stricklin has been forced to expend the time and resources necessary to research and draft his dispositive motion, despite the fact that Witherell apparently has lost interest in his case. And, finally, given Witherell's repeated failures to comply with this Court's rules and orders,[2] the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

## II.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Witherell's complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE AS AGAINST DEFENDANT STRICKLIN,** and that Stricklin's Motion for Summary Judgment **(ECF No. 63)** be **DENIED AS MOOT**.

Dated: May 13, 2025  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

---

resources expended to defend this case." *Id*.

[2] The Court notes that this is not the first time Witherell has failed to timely respond to a dispositive motion in this case. (*See* ECF No. 49 (ordering Witherell to show cause when he failed to timely respond to a dispositive motion filed by Defendants Farris and Coleman); ECF No. 53 (recommending that Witherell's claims against these defendants be dismissed when he failed to timely respond to the Court's Order to Show Cause)).

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2025.

                                                         s/Eddrey O. Butts
                                                         EDDREY O. BUTTS
                                                         Case Manager