UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WITHERELL,

    Plaintiff,

v.

    Case No. 2:23-cv-10153
    Hon. Brandy R. McMillion
    Magistrate Judge David R. Grand

BRIAN STRICKLIN, *et al.*,

    Defendants.
_____/

**ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 67), OVERRULING PLAINTIFF WITHERELL'S OBJECTION (ECF NO. 68), DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITH PREJUDICE, AND DENYING DEFENDANT STRICKLIN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 63) AS MOOT**

*Pro se* Plaintiff Daniel Witherell ("Witherell" or "Plaintiff"), an inmate in the Michigan Department of Corrections, brought this civil rights action against Defendants Brian Stricklin, William Borgerding, Kim Farris, Rickey Coleman, Corizon and Wellpath under 42 U.S.C. § 1983, the Americans with Disabilities Act, and various Michigan state laws. ECF No. 1. However, the sole remaining defendant in this action is Stricklin. *See* ECF Nos. 24, 26, 53, 58, 61. This case was originally assigned to the Honorable Sean F. Cox, but on April 2, 2024, this case was reassigned to the undersigned; and consistent with previous Court orders, the

1

undersigned referred all pretrial matters to Magistrate Judge David R. Grand.  *See* ECF No. 6, 37.

On February 3, 2025, Defendant Stricklin filed a Motion for Summary Judgment.  ECF No. 63.  On February 11, 2025, the Court issued an Order Requiring Response on or before March 7, 2025.  ECF No. 64.  Witherell failed to respond; and the Court issued an Order to Show Cause, requiring that he respond by April 18, 2025.  ECF No. 66.  When Witherell failed to do so, on May 13, 2025, Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending that the Court dismiss the claims against Defendant Stricklin with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, and deny the Motion for Summary Judgment as moot.  ECF No. 67.  At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R.  *Id.* at PageID.539.

On May 27, 2025, the Court received a letter from Witherell, addressed to Magistrate Judge Grand, conceding that he did not respond to Stricklin's Motion for Summary Judgment, but requesting that the Court treat a previously conducted deposition as his response to the motion.  *See* ECF No. 68, PageID.540-541.  The Court deemed this to be an "Objection" to the Magistrate Judge's R&R recommending dismissal.  The Objection also included a reference to "pg. 7 of 29"

2

which the Court deems to be addressing page seven of the Motion for Summary Judgment.  *See* ECF No. 68, PageID.542.  There, Witherell responds to "Defendant['s] claim[] [that] Plaintiff did not have a serious medical need that he was merely upset with Defendant Response to his Request to make an appointment." *Id*.

Stricklin filed a Response to Witherell's Objection.  *See* ECF No. 69.  Stricklin notes that Witherell "fails to demonstrate any error in the analysis of the Magistrate Judge, as Plaintiff does not discuss the R&R at all." *Id*. at PageID.543.  He further points out that "Plaintiff merely repeats the same claims made in his complaint without providing any evidence to support these claims… [a]s such, Plaintiff has not made any proper objections to the R&R." *Id*. at PageID.544.  The Court agrees.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Objections must be stated with specificity.  *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Moreover, an objection that "merely restates the

arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-00047, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Despite sending a letter to the Court, which was treated as an objection, the Court finds that Witherell's Objection does not contain any substantive objections to the R&R. *See* ECF No. 68. Because a general objection to the entirety of a Magistrate Judge's recommendation is the same as a failure to object, the Court finds no reason not to adopt the recommended disposition of the R&R. *Howard*, 932 F.2d at 509.

Nonetheless, even construing the Objection liberally as it was filed by a *pro se* plaintiff, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to the extent that Witherell is opposing the Motion for Summary Judgment, his response is simply a recitation of his original claims. *Compare* ECF No. 68, PageID.541-542 *with* ECF No. 1. Witherell fails to present any evidence beyond the Complaint, which is insufficient to create a genuine issue for trial; and that alone is enough to grant a motion for summary judgment in defendant's favor.[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But the Court need not do so here because the case can be dismissed under Rule 41, rendering the Motion for Summary Judgment moot. As Sticklin correctly points out, "[n]owhere in his objection does Plaintiff make any specific demonstration of any flaw in the Magistrate Judge's analysis" and the "district court is 'not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.'" *See* ECF No. 69, PageID.545 (*citing Nelson v. Saul*, No. 2:19-cv-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (external citations omitted).

*  *  *

---

[1] The Court declines to adopt Witherell's deposition as a response to the motion for summary judgment. *See* ECF No. 68, PageID.540. Not only did he fail to provide the Court with the deposition, but he also doesn't even address any of the information covered at his deposition. *Id.*

5

Having reviewed the record and considering Witherell's Objection *de novo*, the Court concludes that Witherell raises no argument to warrant disagreeing with the Magistrate Judge's recommendation. Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition (ECF No. 67) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Witherell's Objection (ECF No. 68) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Witherell's Complaint (ECF No. 1) as against Defendant Stricklin is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant Stricklin's Motion for Summary Judgment (ECF No. 63) is **DENIED AS MOOT**.

*This is a Final Order that closes the case*.

**IT IS SO ORDERED.**

Dated: June 12, 2025         s/Brandy R. McMillion
   Detroit, Michigan        HON. BRANDY R. MCMILLION
                                      United States District Judge